IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRCT OF NEW MEXICO

UNIVEST CAPITAL, INC., as assignee
of TrailPods Acceptance Corporation,

      Plaintiff,

v.                                                                         No. 1:18-cv-00034-JCH-JHR

MOONEY MOVERS, INC.,
GUILLERMO BACA, individually
and KATHERINE BACA, individually.

      Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING
## PLAINTIFF'S MOTION TO REMAND

This matter is before the Court on Plaintiff's Motion to Remand to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida and to Dismiss Counterclaims under Fed. R. Civ. P. 12(b)(2) & (b)(5), or in the alternative, to Transfer Venue to the United States District Court for the Southern District of Florida under 28 U.S.C. § 1406. [Doc. 10] Having considered the motion, law, and briefs, the Court concludes that the motion to remand should be granted.

**I.     BACKGROUND**

Defendants Guillermo Baca and Katherine Baca are the directors of Defendant Mooney Movers, Inc., a New Mexico corporation that did business in Florida.

Beginning in November 2014, while in Florida, TrailPods Acceptance and Defendants entered into a lease whereby Trailpods would rent mobile storage units or "storage pods" to

Defendants. Shortly after, TrailPods assigned the lease to Univest Capital, so Defendants made further rental payments to Univest. Defendants steadily did so until July 2017, but then after that stopped making payments. So in November 2017 Univest sued Defendants for past due payments and for the accelerated balance due. Univest filed that action in Florida state court because in addition to the lease being governed by Florida law, it was formed, performed, and allegedly breached in that state.

Although Defendants resided in and transacted business in Florida at the time they allegedly breached the lease, Guillermo and Katherine now reside in New Mexico. In January 2018, Defendants removed this case from the Florida state court to this Court, alleging that the case invoked the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). Six days after removal, Defendants answered Univest's complaint, bringing counterclaims of their own against Univest, along with third-party claims against TrailPods and another corporation.

In its Motion, Univest says that Defendants improperly removed this case to the District of New Mexico. Because removed actions must be filed in the district "embracing the place where such action is pending" 28 U.S.C. § 1441(a), Defendants should have removed this case to the United States District Court for the Southern District of Florida, since that is the place embracing the Circuit Court of Miami-Dade County. Second, Univest moves to dismiss under Rule 12(b)(2), contending that personal jurisdiction over it to entertain Defendant's counterclaims is absent because Univest is not registered to conduct business in New Mexico, has no registered agent for service of process here, no employees, and conducts no business of any kind in the state. Moreover, Univest moves to dismiss under Rule 12(b)(5) because it contends that that Defendants never properly served their answer or counterclaims on Univest in the first place. In the alternative, Univest contends that if the Court does find it has personal

jurisdiction over it, the Court should transfer this action to the proper venue, the United States District Court for the Southern District of Florida.

A federal court may choose among threshold grounds for denying to adjudicate a case on the merits. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577-83 (1999). This Court remands this case without deciding Univest's motions to dismiss for lack of personal jurisdiction and for defective service of process.

## II. MOTION TO REMAND

When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, *see* 28 U.S.C. § 1441(a), provided that it is removed "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The removing defendant bears the burden of establishing that the case is properly before the federal court. *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999). The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights. *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957). Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal. *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).

Here, because the United States District Court for the Southern District of Florida embraces the Miami-Dade County Circuit Court, Defendants improperly removed this case to this District. In their opposition brief, Defendants advanced no evidence, arguments, or law refuting Univest's position to the contrary. Thus, they have not carried their burden of showing that removal to this District was proper.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand **[Doc. 10]** is **GRANTED** and this action is hereby **REMANDED** to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

**IT IS FURTHER ORDERED** that Plaintiff's Request for Transfer of Venue to the United States District Court for the Southern District of Florida is **MOOT**.

The Court limits this Order to remanding this case, and does not adjudicate Plaintiff's motions to dismiss under Rules 12(b)(2) and (b)(5).

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE